JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8981 PA (PLAx) | Date | December 7, 2016 |
|---|---|---|---|
| Title | Eugene Hester, et al. v. NDEX West LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal ("NOR") filed on December 5, 2016 by defendant JPMorgan Chase Bank, N.A. ("Defendant"). (Docket No. 1.) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Eugene Hester, Sr. and Jacqueline Hester ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Other defendants to the action are NDEX West LLC ("NDEX") and Quick Loan Funding Inc. ("Quick Loan").

**I.      Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purpose of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8981 PA (PLAx) | Date | December 7, 2016 |
|---|---|---|---|
| Title | Eugene Hester, et al. v. NDEX West LLC, et al. | | |

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

**II.    Analysis**

    **A.    Residence does not Establish Citizenship**

The NOR alleges that:

> Based upon information and belief, Plaintiffs are citizens of California, as they declare that they reside in Ventura County in California and are the rightful owners of the real property at issue, which is located in California at 5101 Breakwater Way, Oxnard, CA 93035.

(NOR 2.) The Complaint states only that Plaintiffs resided in Ventura and owned a property in Oxnard. (Docket No. 1-1, Complaint 4.) Thus, the only support for Defendant's allegation of Plaintiffs' citizenship is an allegation of residence. However, residence is not the same as citizenship. Therefore, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

    **B.    Quick Loan is a California Citizen**

Defendant suggests that the Court should ignore Quick Loan's citizenship because it has been inactive for nearly ten years. (Id. 3, 4.) The NOR contends that "circuit courts have recognized that three to five years of inactivity is a 'substantial' amount of time sufficient to forgo citizenship in that state." (Id. 3–4.) However, the cases Defendant cites do not conclude that an inactive corporation has no citizenship, rather they conclude that, if a sufficient period of time has passed, the corporation's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8981 PA (PLAx) | Date | December 7, 2016 |
|---|---|---|---|
| Title | Eugene Hester, et al. v. NDEX West LLC, et al. | | |

principal place of business may not form the basis of citizenship.[1/] See Patel v. Sugen, Inc., 354 F. Supp. 2d 1098, 1113 (N.D. Cal. 2005) ("[T]he court concludes that defendant [inactive corporation] Sugen is a citizen of California"); Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 292 (4th Cir. 1999) ("[Inactive corporation] Athena Automotive was unquestionably a citizen of Georgia, its state of incorporation . . . ."); Harris v. Black Clawson Co., 961 F.2d 547, 551 (5th Cir. 1992) (holding only that "where a corporation has been inactive in a state for a substantial period of time, in this case five years, that state is not the corporation's principal place of business, irrespective of any representations the corporation may have made to state officials." (footnotes omitted)).

While the Ninth Circuit has not yet ruled on the citizenship of an inactive corporation for purposes of diversity jurisdiction, courts have applied three tests to determine where such an entity's citizenship lies: (1) both the state of incorporation and the state of the corporation's last business activity, (2) the state of incorporation only, or (3) when a substantial period of time has passed since inactivity, a flexible approach considering the state of incorporation, without completely disregarding the location of last transactions.  Parker v. Moore, No. C 08-1896 PJH, 2008 WL 2220613, at *1 (N.D. Cal. May 27, 2008).

Here, Quick Loan was incorporated in California.  (Request for Judicial Notice,[2/] Exh. 4.) Accordingly, under any of the three rules, Quick Loan is a California citizen.  See Lopez v. Nationstar Mortg. LLC, No. CV-15-03288-MWF, 2015 WL 6478263, *3 (C.D. Cal. Oct. 26, 2015) ("[D]efunct companies are, at a minimum, citizens of the state of incorporation.").  Additionally, prior to inactivity, Quick Loan's business was in California, forming a second basis for citizenship should the first rule apply. (See NOR 3.)

Thus, Quick Loan is a citizen of California and its citizenship will not be ignored in evaluating the Court's jurisdiction.  Moreover, if Plaintiffs are indeed citizens of California, Defendant cannot demonstrate complete diversity as required to establish diversity jurisdiction.

---

[1/]    Additionally, Defendant has provided no evidence to support its contention that Quick Loan is a nominal party with nothing at stake whose citizenship should be disregarded.  (See NOR 4.)

[2/]    Exhibit 4 is a copy of the California Secretary of State's website Business Entity Detail of Quick Loan.  Under Federal Rule of Evidence 201, the Court may take judicial notice of title instruments recorded in a County Recorder's Office and documents available on a government website.  See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (taking judicial notice of recorded title instruments); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of the contents of a government website).  Accordingly, Defendant's Request for Judicial Notice as to Exhibit 4 (Docket No. 1-4, Exh. 4) is granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8981 PA (PLAx) | Date | December 7, 2016 |
|---|---|---|---|
| Title | Eugene Hester, et al. v. NDEX West LLC, et al. | | |

**C. LLC Citizenship Allegations are Insufficient**

Additionally, the NOR states that "Defendant NDEX WEST, LLC . . . is a limited liability corporation incorporated in Delaware with its main office in Addison, Texas. NDEX is therefore a citizen of Texas and Delaware." (NOR 3.) Defendant has not identified the citizenship of each of the members of NDEX. Instead, Defendant has alleged the citizenship of the limited liability company defendant as if it were a corporation. As a result, Defendant's allegations concerning NDEX's citizenship are insufficient to invoke this Court's diversity jurisdiction.

**Conclusion**

For each of the foregoing reasons, Defendant has failed to meet its burden to demonstrate that the Court has diversity jurisdiction over this case.[3] Accordingly, the Court remands the action to Ventura County Superior Court, Case No. 56-2016-00486536-CU-OR-VTA. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[3] Because the Court does not rely on Exhibits 1, 2, and 3 to Defendant's Request for Judicial Notice, the request as to those exhibits is denied as moot.